UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRITTANY WALKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 4:15 CV 781 JMB |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g) (ECF No.15). Plaintiff does not oppose the motion. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Agency counsel informs the Court that after thorough review, the Appeals Council of the Social Security Administration determined that remand is appropriate. Upon receipt of the undersigned's remand order, the Appeals Council will remand the case to the ALJ who will be directed to conduct a de novo hearing and instructed to fully consider Plaintiff's functional abilities after she reached age 22, formulate a residual functional capacity assessment consistent with the evidence of record, and consider all medical opinion evidence of record. Defendant asserts that a remand of this action would expedite administrative review, ensure that the Commissioner properly considers Plaintiff's claim, and possibly obviate the need for judicial review. Plaintiff has not filed any objection to the pending motion to reverse and remand.

42 U.S.C. § 405(g) governs remand. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). In this case, Defendant requests a remand under sentence four of the Section, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires a substantive ruling on the correctness of the administrative decision before an order of remand is issued. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.

**Discussion**

The undersigned agrees that the phrase "upon the pleadings and transcript of the record" in sentence four supports the interpretation that plenary review is necessary before remand. Nevertheless, the statute does not explicitly mandate such in-depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and Plaintiff has no objection to such motion.

The undersigned has reviewed the record in light of Defendant's assertions regarding the basis for reversal and remand and agrees that in light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings. Upon receipt of the Court's remand order, the Appeals Council will remand this case to the ALJ who will be directed to

conduct a de novo hearing and instructed to fully consider Plaintiff's functional abilities after she reached age 22, formulate a residual functional capacity assessment consistent with the evidence of record, and consider all medical opinion evidence of record and issue a new decision.

The Court notes that deficiencies in the ALJ's decision do not automatically entitle the Plaintiff to recover benefits. See Buckner, 213 F.3d at 1011(noting that "[o]rdinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of 'our abundant deference to the ALJ,' remand the case for further administrative proceedings") (citing Cox v. Apfel, 160 F.3d 1203, 1210 (8th Cir. 1998)).

For the foregoing reasons, and pursuant to the Supreme Court's decision in Schaefer, 509 U.S. at 297, the Court will enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand (ECF No. 15) is **GRANTED** and this cause is reversed and remanded to the Commissioner pursuant to sentence four of § 405(g). A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this   12th   day of August, 2015.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE